FILED

DEC 0 3 2018

Clerk, U.S. District and
Bankruptcy Courts

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

STATE OF MARYLAND, )
)
    Plaintiff, )
)
v. ) Civil Action No. 1:18-cv-02486 (UNA)
)
RICHARD BRIAN MARTIN, JR., )
)
    Defendant. )

## MEMORANDUM OPINION

This matter is before the Court on its initial review of plaintiff's *pro se* complaint ("Compl.") and application for leave to proceed *in forma pauperis*. The Court will grant the *in forma pauperis* application and dismiss the case for lack of subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3) (requiring the court to dismiss an action "at any time" if it determines that the subject matter jurisdiction is wanting).

While the complaint is not a model in clarity, it appears that plaintiff is attempting to remove a criminal matter filed against him in Carroll County Circuit Court, located in Westminster, Maryland. Compl. at 1–2. Plaintiff is aggrieved with the way his Carroll County criminal case was handled. *Id.* at 1–6.

Plaintiff may not remove a Maryland case to this Court. The civil statute holds, "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S. Code § 1441(a). The criminal statute states that a defendant "shall file [for removal] in the district court of the United States for the district and division within which such prosecution is pending."

1

28 U.S. Code § 1455. As the underlying action is not pending in the District of Columbia, the case may not be removed to this Court. In his complaint, plaintiff concedes that this Court does not have jurisdiction. Compl. at 1 ¶ 1.

Additionally, as a general rule, a federal district court lacks jurisdiction to review or interfere with the decisions of a state court. *See Richardson v. District of Columbia Court of Appeals*, 83 F.3d 1513, 1514 (D.C. Cir. 1996) (citing *District of Columbia v. Feldman*, 460 U.S. 462, 476 (1983) and *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923), *aff'd*, No. 94-5079, 1994 WL 474995 (D.C. Cir. 1994), *cert. denied*, 513 U.S. 1150 (1995)).

Therefore, this case is dismissed for want of subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3). An Order consistent with this Memorandum Opinion is issued separately.

United States District Judge

Date: November 3, 2018